UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 15 2011 ★
BROOKLYN OFFICE

---

UNITED STATES OF AMERICA

– against –

EVERAEDO LEIVA,

Defendant.

10-CR-495

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



---

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On February 14, 2011, Everaedo Leiva plead guilty to count one of a single-count indictment. The indictment charged that on May 6, 2010 the defendant, who had been previously deported from the United States following a conviction for Criminal Sale of a Controlled Substance in the 3rd degree, was found in the United States in violation of 8 U.S.C. §§ 1326(a) an d 1326(b).

Leiva was sentenced on February 14, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be category III, yielding a guidelines range of imprisonment of between 30 and 37 months. The calculation of the total offense level included a 3-point adjustment for acceptance of responsibility, based on defendant's prompt notice to the Government of his intention to plead guilty. The offense carried a maximum term of imprisonment of 20 years. 8 U.S.C. §1326(b)(2). The guidelines range of fine was from $5,000 to $50,000.

Leiva was sentenced to 8 months' incarceration and 3 years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why*

*Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). On May 6, 2010 the defendant was arrested for driving with a suspended license in Queens, New York. Three years prior, in March 2007, he had been deported to Mexico pursuant to an Order of Removal by an immigration judge. Leiva has a supportive, responsible family and consistently strong work history, having cared for his wife and children for approximately thirty years in the United States. A sentence of eight months reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal reentry to the United States will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability and his ability to return to the country. It is unlikely that he will engage in further criminal activity in light of his family circumstances.

Jack B. Weinstein
Senior United States District Judge

Dated: **2 / 14 / 11**
Brooklyn, New York

3